**KRISS & FEUERSTEIN LLP**  
Greg A. Friedman, Esq.  
Stuart L. Kossar, Esq.  
360 Lexington Avenue, Suite 1200  
New York, New York 10017  
(212) 661-2900  
(212) 661-9397 – facsimile  
gfriedman@kandfllp.com  
skossar@kandfllp.com  

Hearing Date: November 6 , 2019, 3:00 p.m.  
Objection Deadline: October 30, 2019 at 4:00 p.m.  

*Attorneys for Kordun Construction Corp.*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------------------------x  

| | |
|---|---|
| In re: | Case No: 19-13190-mg |
| MOKE PEACE 2 CORP., | Chapter 11 |
| Debtor. | Hon. Martin Glenn<br>United States Bankruptcy Judge |

-----------------------------------------------------------X

## NOTICE OF MOTION

**PLEASE TAKE NOTICE**, that upon the annexed application of Kodrun Construction Corp. ("**Kodrun**)") by and through its attorneys Kriss & Feuerstein LLP, will move this court before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004, Courtroom 523 on November 6, 2019 at 3:00 P.M. for entry of an Order: granting immediate and prospective "in rem" relief pursuant to 11 U.S.C. §§ 105(a), 362(d)(1), and 362(d)(4), such that any and all future filings under the Bankruptcy Code shall not operate as a stay as to Kordun's enforcement of its rights in and to the real property located at 1135 Clay Avenue, Bronx, New York [Block 2429; Lot 6], waiving the fourteen (14) day stay imposed by FED. R. BANKR. P. 4001(a)(3), and for such further and different relief as the Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the instant application must be made in writing and received in the Bankruptcy's Clerk's office at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 and to the undersigned Kriss & Feuerstein LLP, 360 Lexington Avenue, 12th Floor, New York, New York 10017 no later than seven (7) days before the hearing date set forth herein.

Dated: New York, New York
October 15, 2019

                KRISS & FEUERSTEIN LLP
                *Attorneys for Kordun Construction Corp.*

                By: */s/ Stuart L. Kossar*
                     Greg A. Friedman, Esq.
                     Stuart L. Kossar, Esq.
                     360 Lexington Avenue, 12th Floor
                     New York, New York 10017
                     (212) 661-2900

TO:

Moke Peace 2 Corp. PRO SE
195 St. James Place
Brooklyn, NY 11238

Office of the United States Trustee
Southern District of New York
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014

Pame Associates LLC
5 Wallenberg Circule
Monsey, NY 10952

Ted Mozes Pllc
Ted T. Mozes, Esq.
16 Gladwynne Court
Spring Valley, NY 10977

**KRISS & FEUERSTEIN LLP**
Greg A. Friedman, Esq.
Stuart L. Kossar, Esq.
360 Lexington Avenue, Suite 1200
New York, New York 10017
(212) 661-2900
(212) 661-9397 – facsimile

*Attorneys for Kordun Construction Corp.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                                              Case No: 19-13190-mg

    MOKE PEACE 2 CORP.,                            Chapter 11

                  Debtor.
------------------------------------------------------------X

## APPLICATION FOR AN ORDER GRANTING IMMEDIATE AND PROSPECTIVE "IN REM" RELIEF

Kordun Construction Corp. ("**Kordun**"), by and through its attorneys, Kriss & Feuerstein LLP, respectfully submits this application (the "**Application**") for the entry of an Order granting immediate and prospective in rem relief pursuant to 11 U.S.C. §§ 105(a), 362(d)(1), and 362(d)(4) such that any and all future filings under the Bankruptcy Code shall not operate as a stay as to Kordun's enforcement of its rights in and to the real property located at 1135 Clay Avenue, Bronx, New York [Block 2429; Lot 26] (the "**Property**"), waiving the fourteen (14) day stay imposed by FED. R. BANKR.P. 4001(a)(3), and for such further and different relief as the Court may deem just and proper, and states as follows:

**PRELIMINARY STATEMENT**

1.  This *pro se* Chapter 11 bankruptcy case by the Debtor is part of a broad bad faith scheme to hinder several foreclosure proceedings through multiple transfers of deeds for no consideration followed by various bankruptcy filings. In its dismissal order, Judge Carla Craig of the Eastern District of New York Bankruptcy Court, has already barred one of the entities involved

in the scheme, Legfras Group LLC ("**Legfras**"), from filing another bankruptcy case for a period of 180 days. Faced with a bar to refiling for 180 days, in order to circumvent the Judge Craig's dismissal order, Legfras then transferred the Property back to the Debtor/borrower for no consideration, and the Debtor then filed the instant bankruptcy case on the morning of the scheduled foreclosure sale. Kordun is not the only victim of this deed transfer scheme. Plame Associates LLC ("**Plame**"), another secured creditor, also had a foreclosure sale scheduled a day after Kordun's foreclosure sale. That foreclosure sale was stayed when Legfras, transferred a deed for no consideration to the Debtor in a bad faith effort to thwart Plame's foreclosure sale. This bankruptcy filing represents a flagrant abuse of the bankruptcy process.

3. Accordingly, and for the reasons set forth below, Kordun respectfully requests that this Court enter an Order granting immediate and prospective in rem relief pursuant to 11 U.S.C. §§ 105(a), 362(d)(1), and 362(d)(4) such that any and all future filings under the Bankruptcy Code shall not operate as a stay as to Kordun's enforcement of its rights in and to the Property, waiving the fourteen (14) day stay imposed by FED. R. BANKR.P. 4001(a)(3), and for such further and different relief as the Court may deem just and proper.

## JURISDICTION

4. This Court has jurisdiction over this matter pursuant to the 28 U.S.C. §§ 157 & 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105, 361, 362(d)(1), (the "**Bankruptcy Code**") and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

2

## BACKGROUND

**The Loan**

6. On June 26, 2015, Debtor executed, acknowledged, and delivered to Kordun Construction Corp. ("**Kordun**"), an Amended, Restated and Consolidated Note (the "**Note**") bearing said date, wherein and whereby it was covenanted and agreed that it would repay Kordun, the principal amount of $500,000.00 ("**Loan**") with interest thereon as set forth in the Note. A copy of the Note is annexed hereto as **Exhibit "A"**

7. As security for the Note, Debtor executed, acknowledged and delivered to Kordun a First Mortgage (the "**Mortgage**" and together with the Note and all other documents executed in connection with the Loan, the "**Loan Documents**") against certain real property located at 1135 Clay Avenue, Bronx, New York 10456 (Section: 9, Block: 2429, Lot: 26)(the "**Property**") that was recorded in the Office of the City Register of the City of New York, County of Bronx (the "**Register's Office**") on July 31, 2017 under CRFN:2015. A copy of the Mortgage is annexed hereto as **Exhibit "B".**

**The Default**

12. Pursuant to the terms of the Loan Documents, the subject loan matured on September 26, 2016 ("**Maturity Date**"). The Debtor failed to comply with the terms and provisions of the Loan Documents by failing to pay the Loan on or before the Maturity Date, constituting an event of default (the "**Default**").

**Foreclosure Action**

13. As a result of the Default, pursuant to the terms of the Loan Documents, Kordun declared the balance of the principal indebtedness immediately due and payable and commenced a mortgage foreclosure action (the "**Foreclosure Action**") in the Supreme Court of the State of

New York, County of Bronx (the "**Supreme Court**") under Index No. 35185/2018 in the matter styled *Kordun Construction Corp. v. Moke Peace 2 Corp., et. al*. The Summons and Verified Complaint in a Foreclosure Action (the "**Complaint**") were duly filed on March 27, 2018. Additionally, a Notice of Pendency was also filed on March 27, 2018. Copies of the Summons, Complaint are annexed hereto as **Exhibit "C"** (exhibits omitted). Debtor failed to answer the Complaint or otherwise appear in the Foreclosure Action.

14. On or about January 24, 2019, Kordun filed its Motion for a Judgment of Foreclosure and Sale in the Foreclosure Action ("**JFS Motion**").

15. On June 27, 2019, Hon. Doris M. Gonzalez, J.S.C., granted the JFS Motion and entered a Judgment of Foreclosure and Sale (the "**JFS**"), ordering the sale of the Property at public auction by and under the direction of the appointed referee. A copy of the JFS is annexed hereto as **Exhibit "D"**.

16. Pursuant to the JFS, Kordun scheduled a sale of the Property for October 7, 2019, the same day as the Debtor's instant chapter 11 filing, which was filed approximately two and a half hours before the foreclosure sale. A copy of the Notice Sale is annexed hereto as **Exhibit "E"**.

**The First Property Deed Transfer for No Consideration**

16. On April 24, 2019, while Kordun awaited the decision on its JFS Motion, the Debtor deeded the Property to Legfras for no consideration ("**First Deed Transfer**") and without Kordun's approval or consent. A copy of the recorded First Deed Transfer to Legfras is annexed hereto as **Exhibit "F"**. The Real Property Transfer Report annexed to the First Deed Transfer shows the sale price of the Property is $0.00.

4

**The Legfras Bankruptcy Filing**

17. On April 29, 2019, Legfas filed a Chapter 11 bankruptcy petition ("**Legfras Bankruptcy**") in the United States Bankruptcy Court for the Eastern District of New York, captioned *In Re Legfras Group LLC*, Case No. 19-42557-cec.

18. In the schedules filed by Legfras ("**Legfras Schedules**") in the Legfras Bankruptcy, Legfras listed no unsecured creditors, and three secured claims. One secured claim was held by Kordun, and the other two were held by Plame. A copy of the Legfras Schedules are annexed hereto as **Exhibit "G"**.

19. On or about July 1, 2019, the United States Trustee filed a motion to dismiss or, in the alternative, convert to Chapter 7 ("**Trustee's Motion**"). A copy of the Trustee's Motion is annexed hereto as **Exhibit "H"**.

20. On July 30, 2019, Plame filed the Declaration of Ted T. Mozes ("**Mozes Declaration**") in support of the Trustee's Motion, a copy of which is annexed hereto as **Exhibit "I"**. The Mozes Declaration notes that the Legfras Bankruptcy was replete with bad faith. Specifically, the Mozes Declaration states,

> Pame's claims are the result of two separate mortgages granted to Pame in connection with two separate loans by Pame to Construction Modern Design Inc secured by Debtor's assets; one for property located at 249 St. Marks Avenue Freeport NY and one for property located at 37 Kenilworth Avenue Brooklyn NY (together the 'Properties'). The transfer of title to the Properties by Construction Modern to the Debtor entity, occurred on the eve of a scheduled foreclosure sale, a ruse designed to forestall the sale of the property at 249 St Marks Freeport NY.

Exhibit "I", ¶¶ 6-7.

21. On August 15, 2019, the court in the Legfras Bankruptcy issued an Order dismissing the Lefras Bankruptcy pursuant to 11 U.S.C. § 1112(b) with a bar to refiling another bankruptcy case under any chapter and in any jurisdiction for a period of one-hundred and eighty

5

(180) days ("**Dismissal Order**").  A copy of the Dismissal Order is annexed as **Exhibit "J"**.

### The Second Property Deed Transfer for No Consideration and the Instant Bankruptcy Filing

22.     By Deed dated October 2, 2019 and recorded in the Register's Office on October 7, 2019 at CRFN: 2019000324490, Legfras transferred the Property back to the Debtor for no consideration ("**Second Deed Transfer**").  A copy of the Second Deed Transfer is annexed hereto as **Exhibit "K"**.  The Real Property Transfer Report annexed to the Second Deed Transfer shows the sale price of the Property is $0.00.

23.     On October 7, 2019, approximately two and a half hours prior to the foreclosure sale of the Property, the Debtor filed its Chapter 11 bankruptcy petition ("**Petition**"), which stayed Kordun's duly noticed foreclosure sale.

24.     The Debtor's Petition notes that it has no unsecured creditors and only lists Kordun and Pame on its creditor matrix.

25.     After the Debtor's bankruptcy filing, Kordun learned that Pame had a foreclosure sale scheduled for October 8, 2019 in their foreclosure action pending in the Supreme Court for the State of New York, Nassau County, Index No. 606507/2017, which was stayed when Legfras transferred the deed to the property located at 249 St. Marks, Freeport, New York ("**St. Marks Property**"), to the Debtor for no consideration.  A copy of Pame's Notice of Sale is annexed hereto as **Exhibit "L."**  A copy of the deed to the St. Marks Property from Legras to the Debtor is annexed hereto as **Exhibit "M"**.

18.     To date, Debtor has not taken any substantive steps in this case other than file a skeletal petition (ECF NO. 1).  As such, this Court issued a deficiency notice, directing Debtor file the requisite documents on or before February 5, 2019 (ECF NO. 3).

## THE APPLICATION

23.     The instant case represents the second bankruptcy filing affecting the Property and third transfer of the deed to the Property for no consideration followed by a bankruptcy filing in order to thwart the Foreclosure Action.

24.     Movant requests that the Court lift the automatic stay pursuant to 11 U.S.C. §§ 105(a), 362(d)(1), as the instant case was filed in bad faith, and 362(d)(4) as this bankruptcy was part of a scheme to delay, hinder, or defraud both Kordun and Pame involving multiple transfers of interests in Property for no consideration, without secured creditor approval; and also involved multiple bankruptcy filings in a span of six (6) months affecting the Property.

25.     Kordun requests that this honorable Court enter an Order: (a) (c) waiver of the 14 day stay of execution rule pursuant to Rule 4001(a); and (d) granting such other and further relief as this honorable Court may deem just, proper and equitable.

## RESERVATION OF RIGHTS

26.     Kordun expressly reserves its right to amend or supplement this Motion, to introduce evidence supporting this Application at the hearing on the Application, and to file additional and supplemental objections as Kordun deems advisable.

## NOTICE

25.     Notice of this Application has been provided to the Office of the United States Trustee, *pro se* Debtor, and to all creditors of the Debtor entitled to notice in this Chapter 11 case, i.e., Pame, the only other creditor listed in the creditor matrix other than Kordun. In light of the nature of the relief requested, Kordun submits that no other or further notices need be provided.

26.     A proposed order is annexed hereto as **Exhibit "N"**.

7

27.　　No previous application for the relief sought herein has been filed before this Court in this case.

**WHEREFORE**, Kordun respectfully requests this Court enter an Order granting immediate and prospective in rem relief pursuant to 11 U.S.C. §§ 105(a), 362(d)(1), and 362(d)(4) such that any and all future filings under the Bankruptcy Code shall not operate as a stay as to Kordun's enforcement of its rights in and to the Property, waiving the fourteen (14) day stay imposed by FED. R. BANKR.P. 4001(a)(3), and for such further and different relief as the Court may deem just and proper.

Dated: New York, New York
　　　　October 15, 2019

　　　　　　　　　　　　　　　　　　　　KRISS & FEUERSTEIN LLP
　　　　　　　　　　　　　　　　　　　　*Attorneys for Kordun Construction, Inc.*

　　　　　　　　　　　　　　　　　　　　By: */s/ Stuart Kossar*
　　　　　　　　　　　　　　　　　　　　　　Stuart Kossar, Esq.
　　　　　　　　　　　　　　　　　　　　　　Greg A. Friedman, Esq.
　　　　　　　　　　　　　　　　　　　　　　360 Lexington Avenue, 12th Floor
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10017
　　　　　　　　　　　　　　　　　　　　　　(212) 661-2900